IGNACIO BERRÍOS CARRASQUILLO, Plaintiff and Appellant, *v.* ANTONIO GRILLO SANTIAGO ET AL., Defendants and Appellants.

No. 4365. Argued November 8, 1928.—Decided January 18, 1929.

*E. Rincón* and *L. Muñoz Morales* for the plaintiff-appellant. *González Fagundo & González Jr.* for the defendant-appellants.

Mr. Justice Hutchison delivered the opinion of the court. Section 1126 of the Civil Code provides that—

"Any person, whether he has an interest or not in the fulfillment of the obligation, and whether the debtor knows and approves it or is not aware thereof, can make the payment.

"The person paying for the account of another may recover from the debtor what he may have paid, unless he has done it against his express will.

"In such case he can only recover from the debtor in so far as the payment has been useful to him."

In April, 1911, Ignacio Berríos Carrasquillo conveyed to Antonio Grillo Santiago an undivided interest in two parcels of land. In January, 1912, Grillo and his wife constituted a mortgage upon this undivided interest in the sum of one thousand four hundred eighty-five dollars ($1,485) payable in five equal yearly instalments, the first to fall due on December 31, 1912. Interest was to be paid at the rate of twelve dollars ($12) per month, to be reduced in proportion to the reduction of the principal. In December, 1912, the deed of conveyance executed in 1911 was rescinded. Grillo and his wife agreed to pay the principal and interest above mentioned to whomsoever might prove to be the owner of the outstanding mortgage.

The mortgage passed into the hands of Félix Arostegui and from him to The Plata Tobacco Company.

In November, 1913, Berríos sold the mortgaged property to the same company. At the same time the mortgage was canceled upon payment by Berríos of one thousand one hundred eighty-eight dollars ($1,188) as the balance due on the principal and eighty-six dollars forty cents ($86.40) as interest.

In February, 1926, Berríos brought the present action to recover from Grillo and his wife one thousand two hundred seventy-four dollars forty-two cents ($1,274.42) as principal, and one thousand four hundred seventy-four dollars forty-one cents ($1,474.41) as interest, in accordance with the terms of the mortgage, together with costs, disbursements and attorney's fees.

The district court rendered judgment in favor of the plaintiff for one thousand two hundred seventy-four dollars forty cents ($1,274.40) with interest thereon at the legal rate from the date on which the complaint was filed, without special pronouncement as to costs. Both parties appeal.

Defendants say that the court below erred in finding that the money paid by Berríos to The Plata Tobacco Company was secured by the mortgage constituted in January, 1912. Plaintiff, on the other hand, assigns as error the exclusion from the judgment of the amount claimed as interest at the rate agreed upon in the mortgage executed by defendant. Both questions, as presented by the parties, depend upon the identity of the mortgage referred to in the deed of conveyance and cancellation of mortgage executed by Berríos and The Plata Tobacco Company in November, 1913.

That instrument contains a clause which reads as follows:

"Said undivided interest is subject to a mortgage in favor of The Plata Tobacco Company for the sum of one thousand one hundred and eighty-eight dollars ($1,188), principal, and three hundred dollars for costs and attorney's fees, in case of judicial claim, as balance of that constituted by the former owners, the said spouses Grillo and Alvarez, as appears from a deed executed before me on March 5, 1913."

Plaintiff assumes that the instrument referred to by the notary as having been executed before him in March, 1913, was the assignment to The Plata Tobacco Company by Arostegui of the mortgage executed by Grillo and his wife in January, 1912. The fact of such transfer was alleged in the complaint and admitted by the answer, but the date of the

transfer was not alleged and does not appear from the evidence. Neither the complaint nor the evidence discloses the name of the notary before whom such transfer was executed.

The theory of the defendants is that the clause in question refers to a mortgage constituted by Berríos, or by some other person or persons unknown, in March, 1913, before the same notary who drafted the deed of conveyance and cancellation of mortgage in November of that year. But the recital does not say that the mortgage referred to was constituted on March 5, 1913, nor that it was constituted by Berríos, although no one else could have constituted a mortgage upon the property at that time. Berríos in 1912 had expressly recognized the validity of the mortgage constituted in January of that year by Grillo and his wife and had accepted the return of the mortgaged property subject to that encumbrance. That he executed a new mortgage in March, 1913, upon the same property, to secure any balance owing by Grillo and wife, is not a very plausible suggestion.

Upon assignment by Arostegui and after payment of the first instalment, the mortgage executed in January, 1912, by Grillo and his wife would have become "a mortgage in favor of The Plata Tobacco Company for the sum of one thousand one hundred eighty-eight dollars, principal . . . as balance of that constituted by the former owners, the said spouses Grillo and Alvarez." It is quite conceivable, of course, that the instrument of March 5, 1913, if it had been produced at the trial, might have disclosed the existence of another mortgage upon the same property to secure the same obligation, but the vague reference contained in the deed executed in November, 1913, does not establish that fact.

Grillo and his wife constituted a mortgage upon the property in January, 1912. Upon return of the property to Berríos they expressly agreed with him to pay the principal of the said mortgage, together with interest thereon on the dates specified therein. The said mortgage became the prop-

erty of The Plata Tobacco Company. In November, 1913, Berríos paid to The Plata Tobacco Company a balance said to be due upon a mortgage constituted by Grillo and his wife. Berríos paid as balance of principal one thousand one hundred eighty-eight dollars ($1,188.00). The principal secured by the mortgage constituted by Grillo and wife in January, 1912, less the amount of the first instalment which fell due in December of that year, was one thousand one hundred eighty-eight dollars ($1,188.00). Interest on such balance of principal secured by the Grillo mortgage for nine months at the rate agreed upon would amount to the sum paid by Berríos as accrued interest. The Plata Tobacco Company canceled the mortgage paid by Berríos.

Berríos admits the payment by Grillo and wife of the first instalment of the indebtedness secured by the mortgage constituted in January, 1912. There is nothing whatever to show any other payment by Grillo and his wife, or by either of them. There is no satisfactory basis for a conclusion that any other mortgage was ever constituted to secure the same obligation. The deed of conveyance and cancellation of mortgage does not establish the existence of any lien or encumbrance which could have been canceled by The Plata Tobacco Company in November, 1913, unless it be the mortgage constituted by Grillo and his wife in 1912 and subsequently assigned by Arostegui to the tobacco company.

Construing the language of the deed executed in November, 1913, in the light of the established facts the only satisfactory conclusion seems to be that the mortgage canceled by The Plata Tobacco Company was the mortgage constituted by Grillo and his wife in 1912, and that the money paid by Berríos to the tobacco company was the balance due from Grillo and his wife and secured by that mortgage.

The court below, then, did not err as contended by defendants.

The theory of counsel for plaintiff-appellant that Berríos is entitled to interest at the specified rate if the mortgage

canceled by the tobacco company was in fact the mortgage executed by Grillo and his wife in January, 1912, is not challenged either by the statement of the case and opinion filed by the trial judge or by the brief for defendant-appellants. Upon that theory it would follow from what has been said that the court below did err as asserted by plaintiff in excluding from the judgment interest at the rate agreed upon in the mortgage.

If Berríos had not paid the Grillo debt, nor disposed of the mortgaged property, then that property would still be liable for both principal and interest or else the mortgage would have been foreclosed. But we need not hold, at this time, that every owner of property mortgaged to secure the debt of another who pays the debt in order to free the property from such encumbrance, is entitled to recover interest at the original rate.

As a matter of fact, the conveyance by Berríos to Grillo had been rescinded more than six months before the property was mortgaged by Grillo and his wife. Berríos, therefore, is not in the position of a land owner who has mortgaged his property to secure the debt of another, but rather in that of an owner who finds that his property, without his knowledge or consent, has been mortgaged to secure the debt of another. Such was the situation when, upon execution of the formal instrument of rescission, Grillo and wife agreed with Berríos to pay both principal and interest thereon on the dates indicated in the mortgage. In the circumstances, we think that Berríos was entitled to interest upon the amount paid as principal, at the rate specified in the mortgage.

Defendants also insist that the court below erred in not sustaining a plea of *res judicata* based upon a judgment of nonsuit in a previous action.

Counsel concede that the nonsuit in question was granted for failure of evidence only, but argue that such a nonsuit is a judgment on the merits. We can not concur in this view.

'Ordinarily, and in modern practice whether voluntary or involuntary on motion of defendant, a nonsuit for failure of evidence is not a judgment on the merits. 34 C. J. p. 781, par. 1200; *id.* p. 794, par. 1213, and note 44; 15 R.C.L. p. 984, par. 457; 2 Black on Judgments (2nd Ed.) p. 1050, par. 698; and note to 49 A.S.R. 829, 831.

There is nothing in the instant case to take it out of the general rule that a judgment which does not dispose of an action on its merits will not support a plea of *res judicata.*

Another suggestion on the part of plaintiff is that the court below erred in not including in its judgment an award of costs. But, as we have shown, plaintiff recovered in the court below something less than one-half of the amount alleged to be due, and, upon the evidence adduced, there was ample room for argument as to whether or not he was entitled to recover even a part of his claim. From the circumstances we are not disposed to disturb the conclusion reached by the court below upon the question of costs.

The judgment appealed from will be modified so as to include interest at the rate agreed upon in the mortgage instead of the legal rate allowed by the court below, and, as modified, affirmed.

Mr. Justice Texidor took no part in the decision of this case.